IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT LEE SAUNDERS,

    Petitioner,

v.                                    Civil Action No. 5:11CV161
                                  (Criminal Action No. 5:10CR18-01)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, an inmate housed at the Ashland Federal Correctional Institution in Ashland, Kentucky, filed this 28 U.S.C. § 2255 action challenging his sentence of 78 months of incarceration which resulted from his plea of guilty to conspiracy to distribute more than 500 grams of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The petitioner did not appeal his conviction or sentence.

The government filed a response to the petition. The petitioner did not file a reply. The matter was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Kaull issued a report and

---

[1] Pro se - "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1341 (9th ed. 2009).

recommendation recommending that the petitioner's § 2255 application be denied and dismissed. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report. On August 21, 2013, the petitioner filed objections to the report and recommendation. This Court will consider the petitioner's objections. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his § 2255 petition, the petitioner contends that he received ineffective assistance of counsel because trial counsel: (1) coaxed the petitioner into accepting a plea agreement which

2

differed from the one that counsel and the petitioner had previously discussed; (2) did not discuss the presentence report with the petitioner prior to sentencing; and (3) failed to request or share with the petitioner any surveillance evidence or witness testimony given before the grand jury.

In his report and recommendation, the magistrate judge found that the petitioner's first and second ineffective assistance of counsel claims lacked factual support. The magistrate judge found that the petitioner's other ineffective assistance claim was without merit.

In the petitioner's objections, the petitioner objects to Magistrate Judge Kaull's recommendation that his action be dismissed because it lacks merit as to the ineffective assistance of counsel claims. The petitioner further objects to his sentence enhancement for a leadership role under Alleyne. Alleyne v. United States, 133 S. Ct. 2151 (2013).

A.  Ineffective Assistance of Counsel Claims

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will

address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

>    1. <u>Coaxing the petitioner into accepting a plea agreement which differed from the one petitioner and counsel had previously discussed</u>

The petitioner believes that his counsel was ineffective for coaxing him into accepting a changed plea agreement which he and counsel had not discussed. This Court agrees with the magistrate judge that this claim is without merit as the claim is without factual basis.

As cited in the report and recommendation, the petitioner's claim is without factual basis. During sentencing, the government informed this Court, petitioner, and defense counsel of the typo that had occurred in the plea agreement. After being informed of the change, the petitioner explicitly acknowledged the change to this Court. Further, the petitioner had full knowledge that the plea agreement was not a promise for an exact sentence, as he asserted to this Court that he knew that no one knew what his exact sentence would be at the time he entered his voluntary plea of guilty. Accordingly, the petitioner is not entitled to relief on this claim.

>    2. <u>Counsel did not discuss the presentence report with the petitioner prior to sentencing</u>

The petitioner further believes that his counsel was ineffective in not discussing the presentence report with him prior to sentencing. This Court agrees with the magistrate judge

that this claim is without merit as the claim is without factual basis.  Further, this Court finds that the petitioner's objection to this claim is also without merit as it lacks factual support.

As explained in the report and recommendation, petitioner claims that he would have objected to the presentence report had he discussed it with his counsel.  Petitioner, however, further contends in his objections that defense counsel told him before sentencing that there was no time to object and then subsequently at the sentencing hearing, told petitioner that he would receive a harsher sentence for being uncooperative if he raised the objections at that time.

This Court agrees with the magistrate judge that the petitioner's assertion lacks merit.  During sentencing, this Court addressed the presentence report and the petitioner asserted to this Court that he had gone over the report, had some issues with the report, but did not have any objections at that time.  After sentencing, the petitioner did not file an appeal as to his conviction nor to his sentencing.  Accordingly, the petitioner is not entitled to relief on this claim.

   3. <u>Counsel failed to request or share with the petitioner any surveillance evidence or witness testimony given before the grand jury</u>

Finally, the petitioner asserts that his counsel failed to request or share with the petitioner any discovery evidence counsel received.  This Court agrees with the magistrate judge that the

petitioner has failed to provide any proof of such an assertion and further has failed to show that his plea of guilty would have been altered if he was provided such information.  Further, as the magistrate judge noted, the petitioner was given a summation of the government's evidence against petitioner in the presentence report.  To reiterate, the petitioner stated during his sentencing hearing that he was aware of what was in the presentence report and had no objections.  Accordingly, the petitioner is not entitled to relief on this claim.

B.  <u>Alleyne Objection</u>

The petitioner's final objection to the magistrate judge's report and recommendation asserts that he should not have received a two-level enhancement for a leadership role under <u>Alleyne</u>.  This assertion, however, was not raised in the original petition and was thus not addressed in the magistrate judge's report and recommendation.  Thus, this Court will dismiss this claim without prejudice and allow the petitioner leave to file such a claim in another action.  This Court would caution the petitioner, however, that this does not mean that such a claim has merit procedurally or substantively, but simply that the claim is not barred from being raised in a subsequent petition.

This Court has reviewed the record, as well as the magistrate judge's report and recommendation and the petitioner's objections thereto and, for the reasons set forth above and in the report and

recommendation, concurs with the recommendations of the magistrate judge in their entirety. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

IV. Conclusion

Based upon a de novo review, the magistrate judge's ruling is hereby AFFIRMED AND ADOPTED in its entirety and the petitioner's objections are hereby OVERRULED. Further, this civil action is DISMISSED WITH PREJUDICE except for the claim under Alleyne which is DISMISSED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is

7

likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

DATED:      September 4, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE